FILED
2017 FEB 23 AM 10:02
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CREDIT SERVICE OF LOGAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>REED SCOTT and KRISTIE SCOTT,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:17-cv-00002-BSJ<br><br>District Judge Bruce S. Jenkins |

On February 2, 2017, Plaintiff Credit Service of Logan filed a Motion to Remand Case to State Court and Supporting Memorandum ("Motion to Remand").[1] Defendants Reed Scott and Kristie Scott have not opposed the Motion to Remand.[2] Having considered the Plaintiff's brief, the evidence presented, and the relevant law, the court hereby GRANTS the Motion to Remand.

First, the notice for removal was untimely filed. According to 28 U.S.C.A. §1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The state court found that Defendants were properly served on May 12, 2016.[3] Defendant Mr. Scott filed the notice of removal on January 4, 2017[4] after the state court had issued its Memorandum

---

[1] Motion to Remand to State Court and Supporting Mem., filed February 2, 2017 (CM/ECF No. 7) [hereinafter Motion to Remand].

[2] According to local rule DUCivR 7-1(b)(3)(B), memoranda in opposition to "any motion that is not a motion filed pursuant to Fed. R. Civ. P. 12(b), 12(c) and 56 must be filed within (14) days after service of the motion or within such time as allowed by the court." Plaintiff has filed this memorandum pursuant to 28 U.S.C.A. §1447(c). Defendants have not filed a memorandum in opposition to the Motion to Remand within the 14-day time period.

[3] Motion to Remand, ex. "C" Memorandum Decision December 1, 2016, at 7-10.

[4] Notice of Removal from 1st District, Box Elder County, case number 169100298, filed January 4, 2017 (CM/ECF No. 1) [hereinafter Notice of Removal].

Decision.[5] This filling exceeds the 30-day window and thus the notice for removal was untimely filed.

Second, there are no grounds to establish jurisdiction for removal to the district court. The court may hear this case under federal question jurisdiction[6] or diversity jurisdiction.[7] There are no federal questions presented before the court; the state complaint claims that Defendants owe money to the Plaintiff for unpaid and past due goods and/or services.[8] In Mr. Scott's Petition for Removal he claims violations of due process and equal protection; these claims have already been addressed by the state court in its Memorandum Decision filed December 1, 2016.[9] The district court has no authority to review the state court's decision.[10] With regards to diversity jurisdiction, the parties are not completely diverse nor does the amount in controversy exceed $75,000.[11] Therefore, this court does not have jurisdiction over this case.

For the reasons analyzed above, the court GRANTS Plaintiff's Motion to Remand.

DATED this 23 day of February, 2017.

Bruce S. Jenkins
United States District Judge

---

[5] Motion to Remand, ex. "C" Memorandum Decision December 1, 2016.
[6] 28 U.S.C.A. § 1331.
[7] 28 U.S.C.A. § 1332.
[8] Notice of Removal, ex. 1 Copy of State Complaint, ¶¶ 2-3 under "Cause of Action I".
[9] Motion to Remand, at 5 and ex. "C" Memorandum Decision December 1, 2016.
[10] *See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 US 281, 296 (1970) ("[L]ower federal courts possess no power to sit in direct review of a state court's decisions.").
[11] The state complaint expresses that "the amount herein sued upon is not more than $20,000.00," and that Credit Service of Logan "is a duly organized and existing business operating pursuant to the laws of the State of Utah." Notice of Removal, ex. 1 Copy of State Complaint, ¶¶ 2-3 under "General Allegations." Defendants Mr. Scott and Ms. Scott are citizens of Utah.